## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL A. PUCKETT,<br><br>    Plaintiff,<br><br>  v.<br><br>R. ZAMORA, et al.,<br><br>    Defendants. | Case No. 1:12-cv-00948-DLB PC<br><br>**SCREENING ORDER DISMISSING CERTAIN CLAIMS AND DEFENDANTS**<br><br>ECF No. 14 |

### I.  **Background**

Plaintiff Durrell A. Puckett ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On June 12, 2012, Plaintiff filed his Complaint. (ECF No. 1.) On March 13, 2013, the Court issued orders dismissing certain claims and defendants and finding service appropriate for other defendants. (ECF Nos. 9 & 10.) On March 27, 2013, Plaintiff filed a motion to add additional defendants or amend the complaint, which the Court granted on March 28, 2013. (ECF Nos. 11 & 12.) On April 14, 2013, Plaintiff filed a First Amended Complaint, which is presently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1  monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2).

2  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

3  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

4  claim upon which relief may be granted." *Id.* § 1915(e)(2)(B)(ii).

5       A complaint must contain "a short and plain statement of the claim showing that the pleader

6  is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

7  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

8  do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550

9  U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a

10 claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual

11 allegations are accepted as true, legal conclusions are not. *Id.*

12 **II.     Summary of Complaint**

13      Plaintiff was incarcerated at Corcoran State Prison ("CSP") in Corcoran, California, where

14 the events giving rise to this action are alleged to have occurred. Plaintiff names as Defendants

15 correctional officers R. Zamora, P. Rodriguez, C. Acevedo, R. Gutierrez, and six Doe Defendants. [1]

16      Plaintiff alleges the following. Defendant Zamora attacked Plaintiff on an unknown date.

17 After the incident, Defendant Zamora and Rodriguez came to his cell and threatened Plaintiff. On

18 January 10, 2012, they both stated that they would beat up Plaintiff if he came out of his cell.

19 Defendants Rodriguez and Acevedo returned an hour later to take Plaintiff to the mental health

20 group. Defendant Rodriguez slapped Plaintiff, and Defendant Acevedo tried to trip Plaintiff and

21 used racial slurs. As Plaintiff is knocked to the ground, Defendants Acevedo and Rodriguez both

22 started to punch Plaintiff. Defendant Zamora came running from outside and kicked Plaintiff in the

23 ribs. Defendant R. Gutierrez, along with six Doe Defendants, stood by and watched as Plaintiff

24 screamed for help. Defendants stated that they did this because Plaintiff had a camera interview

25 regarding a prior use of force incident. Plaintiff contends that he notified Defendant Gipson of this

26 but she did nothing. Since the incident, Plaintiff is paranoid, has flashbacks, and suicidal thoughts.

27

28 [1] Although Plaintiff references Warden Connie Gibson in his amended complaint, he does not identify her as a named defendant. The Court previously dismissed Connie Gibson from this action, with prejudice, and therefore the Court will not address allegations related to her involvement. (See ECF No. 9.)

1   Plaintiff requests as relief monetary damages.

2   **III.    Analysis**

3       **A.    Eighth Amendment – Excessive Force**

4   "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." *Hudson*, 503 U.S. at 8.  "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." *Id.* (internal quotation marks and citations omitted).  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident.  *Id.* at 9; *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)).  However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9.  "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind." *Id.* at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 7.  "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Id.*  (internal quotation marks and citations omitted).  "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." *Id.*

Plaintiff has sufficiently alleged a claim for excessive force against Defendants Zamora, Rodriguez, and Acevedo.

///

**B.      Failure to Protect**

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Id.*; *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. *Id.* at 837-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Id.* at 835.

Plaintiff has sufficiently alleged a claim for failure to protect against Defendant Gutierrez and six Doe Defendants for failing to intervene to stop the alleged use of excessive force. *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995).

**IV.     Conclusion and Order**

Plaintiff states a cognizable Eighth Amendment claim against Defendants R. Zamora, P. Rodriguez, and C. Acevedo for excessive force, and an Eighth Amendment claim against Defendant Gutierrez and six Doe Defendants for failing to intervene to protect Plaintiff's safety. Plaintiff does not state any claims against any other defendants. Although Plaintiff's original complaint stated claims against other defendants, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997) overruled in part on other grounds, Lacey v.

4

Maricopa County, 693 F.3d 896, 928 (9th Cir. Aug. 29, 2012) (en banc); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220.  Thus, this action will proceed only on the claims stated in Plaintiff's First Amended Complaint.

Accordingly, it is HEREBY ORDERED that:

1. This action proceeds against Defendants Zamora, Rodriguez, and Acevedo for excessive force and against Defendant Gutierrez and six Doe Defendants for failing to intervene to protect Plaintiff's safety in violation of the Eighth Amendment.
2. All remaining claims and defendants are dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **September 29, 2013**            /s/ *Dennis L. Beck*
                                                                    UNITED STATES MAGISTRATE JUDGE