# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL A. PUCKETT, | Case No. 1:12-cv-00948 DLB PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL |
| v. | [ECF No. 31] |
| R. ZAMORA, et al., | |
| Defendants. | |

## I. Background

Plaintiff Durrell A. Puckett ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 12, 2012. The parties have voluntarily consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).

On March 13, 2013, the Court issued orders dismissing certain claims and defendants and finding service appropriate for other defendants. On March 27, 2013, Plaintiff filed a motion to add additional defendants or amend the complaint, which the Court granted on March 28, 2013. On April 14, 2013, Plaintiff filed a First Amended Complaint. (ECF No. 14.) On September 30, 2013, the Court issued an order finding that this action shall proceed against Defendants Zamora, Rodriguez, and Acevedo for excessive force and against Defendant Gutierrez and six Doe Defendants for failing to intervene to protect Plaintiff's safety in violation of the Eighth Amendment.

On April 21, 2014, Plaintiff filed a motion to compel. Defendants did not file an opposition.

**II.     Motion to Compel**

A.     Legal Standard

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1) (quotation marks omitted). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id. (quotation marks omitted).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. See, e.g., Grabek v. Dickinson, 2012 WL 113799, at *1 (E.D. Cal. 2012). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Id., at *1.

However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigator. Therefore, to the extent possible, the Court endeavors to resolve the motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

B.     Analysis

Plaintiff has filed a motion to compel Defendants to answer in more detail Interrogatories 1, 2, 6, and 7 of Plaintiff's Interrogatories, Set One.

An interrogatory may relate to any matter that may be inquired into under Rule 26(b), and an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. Fed. R. Civ. P. 33(a)(2) (quotation marks omitted). Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R.

1  Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4);
2  Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981). The responding party shall use common
3  sense and reason. E.g., Collins v. Wal-Mart Stores, Inc., No. 06-2466-CM-DJW, 2008 WL
4  1924935, *8 (D. Kan. Apr. 30, 2008). A responding party is not generally required to conduct
5  extensive research in order to answer an interrogatory, but a reasonable effort to respond must be
6  made. Gorrell v. Sneath, 292 F.R.D. 629, 632 (E.D. Cal. 2013); L.H. v. Schwarzenegger, No. S-
7  06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Further, the responding
8  party has a duty to supplement any responses if the information sought is later obtained or the
9  response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

      1.    **ROGs 1, 2, 6, 7**

Although Plaintiff seeks to compel a further response to ROGs 1, 2, 6, and 7, he did not provide any argument regarding the insufficiency of Defendant's responses.

The Court has reviewed ROGs 1, 2, 6, and 7 and the responses, notwithstanding Plaintiff's failure to make an argument, and the Court can discern no basis for Plaintiff's motion to compel a further response.

**III.  Order**

For the reasons set forth above, the Court HEREBY DENIES Plaintiff's motion to compel.

IT IS SO ORDERED.

Dated: **February 22, 2015**          /s/ *Dennis L. Beck*
                                             UNITED STATES MAGISTRATE JUDGE