# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL A. PUCKETT,<br><br>            Plaintiff,<br><br>    vs.<br><br>R. ZAMORA, et al.,<br><br>            Defendants. | 1:12-cv-00948 DLB PC<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES<br><br>[ECF No. 48] |

   Plaintiff Durrell A. Puckett, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 12, 2012. This action for damages is proceeding on Plaintiff's First Amended Complaint against Defendants Zamora, Rodriguez, and Acevedo for excessive force in violation of the Eighth Amendment to the United States Constitution, and against Defendants Gutierrez and Six Doe Defendants for failing to intervene to protect Plaintiff's safety in violation of the Eighth Amendment to the United States Constitution.  The events at issue occurred on January 10, 2012, while Plaintiff was housed at Corcoran State Prison.

   The matter is set for jury trial on June 23, 2015, at 8:30 a.m., before the undersigned.

   On March 12, 2015, Plaintiff filed a motion seeking the attendance of five incarcerated witnesses.  Defendants did not oppose the motion.

///

1

**DISCUSSION**

In determining whether to grant Plaintiff's motions for the attendance of his proposed witnesses, factors to be taken into consideration include (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted.  Wiggins v. County of Alameda, 717 F.2d 466, 468 n.1 (9th Cir. 1983); see also Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (district court did not abuse its discretion when it concluded the inconvenience and expense of transporting inmate witness outweighed any benefit he could provide where the importance of the witness's testimony could not be determined), *abrogated on other grounds by* Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293 (1995).

Plaintiff seeks the attendance of five incarcerated witnesses: LaMont Shepard ("K-29682), Kevin E. Fields (#P-83425), LaMonte Bencher (#D-97733), Curley John Broussard (#C-78707), and Darnell Lemons (#E-49397).

Inmates Shepard and Fields were not eye or ear-witnesses to any of the events at issue. For this reason, Plaintiff's motion for their attendance is denied.

Plaintiff avers that Inmates Bencher and Broussard were eye and ear-witnesses to the incident.  Plaintiff has submitted Inmate Bencher's declaration as an exhibit to his motion for summary judgment (ECF No. 32.)  According to the declaration, Inmate Bencher states he witnessed officers slam Plaintiff on the ground in front of the building entrance and begin punching him in the stomach.  Plaintiff states that Inmate Broussard observed the incident and heard Defendant Zamora's statements during the incident.  Plaintiff states that Inmates Bencher and Broussard have informed him that they will testify if called.  Because Inmates Bencher and Broussard have personal knowledge of the incident, the Court will allow their testimonies.

Plaintiff declares that Inmate Lemons observed Defendants Rodriguez and Zamora "for days admitting to assaulting me, and observed them harassing and threatening me for filing a complaint." (ECF No. 48 at p. 2.)  Plaintiff's request will be denied.  First, Inmate Lemons' observation of Defendants harassing and threatening Plaintiff for filing a complaint is not relevant to any of the claims in this matter. Second, Inmate Lemons was not an eyewitness or ear-witness to the incident.  His knowledge stems from statements made apart from the incident itself.  Plaintiff's declaration concerning Inmate Lemons witnessing of Defendants Rodriguez's and Zamora's admitting to assaulting Plaintiff is too vague and insufficient to show that the witness has actual firsthand knowledge of the relevant facts of the incident.  Plaintiff does not specify what was said, when and where it occurred, who was present, and how the witness happened to be in a position to see or hear what occurred.  Therefore, the Court will deny Plaintiff's request for Inmate Lemons' attendance.

**ORDER**

Plaintiff's Motion for the Attendance of Incarcerated Witnesses is GRANTED as to Inmates LaMonte Bencher (#D-97733), and Curley John Broussard (#C-78707).  Plaintiff's motion is DENIED as to Inmates LaMont Shepard ("K-29682), Kevin E. Fields (#P-83425), and Darnell Lemons (#E-49397).

IT IS SO ORDERED.

Dated:   **April 22, 2015**              /s/ *Dennis L. Beck*
                                         UNITED STATES MAGISTRATE JUDGE