1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL A. PUCKETT,<br><br>        Plaintiff,<br><br>  v.<br><br>R. ZAMORA, et al.,<br><br>        Defendants. | Case No. 1:12-cv-00948 JLT PC<br><br>ORDER GRANTING DEFENDANTS'<br>MOTIONS IN LIMINE<br><br>[ECF No. 76] |

## I.   INTRODUCTION

Plaintiff Durrell A. Puckett ("Plaintiff") is a California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. This action for damages is proceeding on Plaintiff's First Amended Complaint against Defendants Zamora, Rodriguez, and Acevedo for excessive force in violation of the Eighth Amendment to the United States Constitution, and against Defendant Gutierrez for failing to intervene to protect Plaintiff's safety in violation of the Eighth Amendment to the United States Constitution. This matter is set for jury trial on June 24, 2015.

Pending before the Court are Defendant's motions in limine, filed on June 12, 2015. Plaintiff did not file an opposition.

## II.   DISCUSSION

Any party may file a motion in limine, which is a procedural mechanism to limit in advance testimony or evidence in a particular area. U.S. v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009)

(quotation marks omitted).  In the case of a jury trial, the Court's ruling gives Plaintiff and Defendants' counsel advance notice of the scope of certain evidence so that admissibility is settled before attempted use of the evidence before the jury.  Heller, 551 F.3d at 1111-12 (quotation marks omitted).

Whether the parties file motions in limine, they may still object to the introduction of evidence during the trial.

A.   Motion in Limine 1: Motion to Exclude Testimony Concerning Part of Plaintiff's Claims That Have Been Dismissed

This case involves an escort of Plaintiff at Corcoran State Prison in January of 2012. During the course of the escort, Plaintiff was taken to the ground by Defendants Acevedo, Rodriguez, and Zamora.  Plaintiff contends Defendants Acevedo, Rodriguez, and Zamora used excessive force, and that Defendant Gutierrez failed to protect him from Acevedo, Rodriguez, and Zamora.

Defendants note that the Court dismissed that part of Plaintiff's claim concerning the initial takedown by the officers.  The case is proceeding only on that part of Plaintiff's claim concerning the assault that allegedly took place once Plaintiff was subdued on the ground.  Defendants contend that while all parties should be allowed to discuss the entirety of the escort for context, the jury should be instructed at the outset, and again before deliberating, that the only factual dispute they are being called upon to decide pertains to Defendants' conduct after Plaintiff was subdued on the ground.

Evidence of previously dismissed claims and parties to this action is not relevant.  Fed. R. Evid. 401. Defendants are correct that this case is proceeding only on Plaintiff's claims concerning what occurred after Plaintiff was taken to the ground and subdued.  Therefore, the parties will be allowed to discuss the escort for context, but Defendants are correct that it would be inappropriate to relitigate the initial takedown.   Therefore, the motion is **GRANTED**.

B.   Motion in Limine 2: Motion to Exclude Testimony About Other Lawsuits Concerning Defendants

Defendants move to exclude any testimony about other lawsuits in which they, or other officials employed by the CDCR, are named as defendants.  Defendants further move that Plaintiff

2

and any of his witnesses be precluded from testifying about or inferring that Defendants are currently party to any lawsuit, or that they have been in the past.

Evidence of other incidents, lawsuits, or grievances involving Defendants is not relevant to Plaintiff's claim, but it may be allowable for impeachment, depending on context at trial. Fed. R. Evid. 401, 404(a)(1), 607, 608.   Plaintiff does not oppose this motion and it is therefore **GRANTED**.

C.    <u>Motion in Limine 3: Motion to Limit Questions about Personal Matters, Prior Complaints and Prior Disciplinary Issues</u>

Defendants move to exclude any questions of matters contained in Defendants' personnel records including information which is personal in nature, and information concerning any disciplinary actions or complaints filed against them.  Plaintiff does not oppose this motion and it is therefore **GRANTED**.

D.    <u>Motion in Limine 4: Motion to Limit Arguments about the "Code of Silence" or "Green Wall"</u>

Defendants move to exclude all arguments, evidence, and testimony regarding the "Code of Silence" and the "Green Wall."  Defendants argue that these terms concern issues which are irrelevant, overly prejudicial, and would be an undue consumption of time.  Fed. R. Evid. 401-403, 404(b).

The case concerns the alleged use of excessive force by officers, and the alleged failure by one officer to protect Plaintiff.  Evidence concerning a conspiracy by officers to cover up the actions of other officers is irrelevant as it has no bearing on the issues in this case, and development of this collateral issue would consume an undue amount of time. Fed. R. Evid. 403.  In addition, Plaintiff does not oppose the motion.   Defendants' motion is therefore **GRANTED**.

E.    <u>Motion in Limine 5: Motion to Shackle Plaintiff at Trial</u>

Defendants move to have Plaintiff shackled at trial.  Nevertheless, the Constitution forbids the use of visible shackles during the guilt and penalty phase unless the use is justified by an essential governmental interest such as courtroom security specific to the defendant on trial. <u>Holbrook v. Flynn</u>, 475 U.S. 560, 567-,568 (1986).  If, after a case specific evaluation, it is

determined that shackling is necessary, it may be ordered. Illinois v. Allen, 397 U.S. 337, 342, 343 (1970).   The Ninth Circuit has extended these requirements to situations beyond the criminal defendant at trial.   See United States v. Howard, 480 F.3d 1005 (9th Cir. 2007) (concluding that policy of shackling pre-trial detainees at preliminary hearings did not implicate policy); Duckett v. Godinez, 67 F.3d 734 (9th Cir. 1995) (jail clothes at sentencing do not violate prisoner's rights, but shackling before jury does); Tyars v. Finner, 709 F.2d 1274, 1284-85 (9th Cir. 1983) (unconstitutional to compel the subject of a civil commitment hearing to wear restraints at trial without particularized safety concerns).   Nevertheless, a court may require shackles where a specific defendant has given cause to believe them necessary. Jones v. Meyer, 899 F.2d 883 (9th Cir. 1990).

This is not a criminal case but a civil case, and thus a number of the concerns present in a criminal case are absent.   There is no presumption of innocence.   The jury knows that in any Eighth Amendment case the plaintiff is an inmate and soon learn that his witnesses are inmates.   On the other hand the other considerations noted by the Supreme Court are in play.   In civil as in criminal cases the right to a fair trial is fundamental.   See Davidson v. Riley, 44 F.3d 1118, 1122 (2nd Cir. 1995); Woods v. Thieret, 5 F.3d 244 (7th Cir. 1993).   Thus, the plaintiff and his witnesses should not be presented to the jury in a worse light than the circumstances require.   Accordingly, the Court should "undertake a particularized investigation to assure itself that security precautions do not unnecessarily impair plaintiff's ability to present his case and have the jury evaluate that case free of distraction." Clem v. Lomeli, 2007 WL 2688842, at *4 (E.D. Cal. 2007).

Here, Defendants state that Plaintiff is committed on an indefinite term of 82 years to life for numerous crimes including robbery, criminal threats, attempted rape and sodomy by force, attempted kidnapping, kidnaping and multiple counts of rape by force.   In addition, Plaintiff is a maximum security inmate in the Secured Housing Unit and has nearly 8 times the minimum 60 points required for Level-IV status.   Further, Plaintiff has a long history of violent in-custody disciplinary offenses of which he has been found guilty, including numerous instances of mutual combat, threats, attempted battery on a peace officer, battery on a peace officer with serious bodily injury, aggravated battery on a peace officer, aggravated assault on a peace officer, and resisting a peace officer.

1       The Court finds that in this case, security and safety concerns compel the use of shackles at

2   trial.  Plaintiff also does not oppose this motion.  However, so as to lessen any prejudice to Plaintiff,

3   he should be restrained by use of leg irons attached to a cement bucket under the table.  As long as

4   Plaintiff's conduct is appropriate, his hands will not be shackled.  However, if his conduct warrants,

5   the Court will order him to be further shackled and restrained.  Accordingly, Defendants' motion for

6   use of restraints at trial is **GRANTED**.

7                                                **ORDER**

8       Accordingly, IT IS HEREBY ORDERED that Defendants' motions in limine are

9   **GRANTED**.

10

11  IT IS SO ORDERED.

12      Dated:   **June 23, 2015**                    **/s/ Jennifer L. Thurston**
                                                UNITED STATES MAGISTRATE JUDGE
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                5