# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL A. PUCKETT, | Case No. 1:12-cv-00948 JLT PC |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS IN LIMINE |
| v. | |
| R. ZAMORA, et al., | [ECF No. 79] |
| Defendants. | |

## I. INTRODUCTION

Plaintiff Durrell A. Puckett ("Plaintiff") is a California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. This action for damages is proceeding on Plaintiff's First Amended Complaint against Defendants Zamora, Rodriguez, and Acevedo for excessive force in violation of the Eighth Amendment to the United States Constitution and against Defendant Gutierrez for failing to intervene to protect Plaintiff's safety in violation of the Eighth Amendment to the United States Constitution. This matter is set for jury trial on June 24, 2015.

Pending before the Court are Plaintiff's motions in limine, filed on June 15, 2015. Defendants filed an opposition on June 19, 2015.

## II. DISCUSSION

Any party may file a motion in limine, which is a procedural mechanism to limit in advance testimony or evidence in a particular area. U.S. v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009)

1  (quotation marks omitted).  In the case of a jury trial, the Court's ruling gives Plaintiff and
2  Defendants' counsel advance notice of the scope of certain evidence so that admissibility is settled
3  before attempted use of the evidence before the jury.  Heller, 551 F.3d at 1111-12 (quotation marks
4  omitted).  Whether the parties file motions in limine, they may still object to the introduction of
5  evidence during the trial.

6        A.      <u>Motion in Limine 1: Motion to Exclude Plaintiff's Criminal History</u>

7  Plaintiff seeks to exclude his criminal history from evidence at trial.  Plaintiff argues that his
8  criminal history is irrelevant to the issues at trial, has limited or no probative value, and does not
9  involve acts that speak to his veracity.  Plaintiff argues that evidence that he was convicted of rape,
10 robbery, kidnapping, and issuing criminal threats does not speak to his credibility and can only serve
11 to inflame the jury against him.

12 Defendants argue that Plaintiff's credibility is the central issue in this case, and thus the
13 probative value of evidence of Plaintiff's character, particularly his past criminal convictions, greatly
14 outweighs any prejudice.  Defendants acknowledge that the underlying facts of the crimes and the
15 titles of the crimes would be unduly prejudicial and therefore propose asking Plaintiff only about the
16 fact that he is a convicted felon and the length of his incarceration.

17 Federal Rule of Evidence 609(a)(1)(A) provides that evidence of a conviction for a crime
18 punishable for more than one year is admissible, subject to Rule 403, in a civil case to attack a
19 witness's character for truthfulness.  Fed. R. Evid. 609(a)(1)(A).  Evidence of a conviction under this
20 rule is not admissible if a period of more than ten years has elapsed since the date of the conviction.
21 Fed. R. Evid. 609(b). Pursuant to Rule 609(a)(1)(A), Plaintiff's commitment offense is a qualifying
22 offense under Rule 609(a)(1)(A) and must be admitted for impeachment purposes subject to Rule
23 403.  However, the Court agrees that evidence of the specific convictions would be far more
24 prejudicial than they are probative.  Therefore, Defendants will be permitted to introduce only the
25 fact that Plaintiff was convicted of a felony in December of 2007, and is currently serving an
26 indeterminate prison sentence for his crimes.  Accordingly, Plaintiff's motion to exclude evidence of
27 his underlying convictions is **GRANTED IN PART** and **DENIED IN PART**.
28 ///

B. <u>Motion in Limine 2: Motion to Exclude Evidence of the Assault of Correctional Sergeant and Other Charges</u>

Plaintiff moves to exclude evidence of his assault on a correctional sergeant which occurred on December 30, 2011. Plaintiff contends this evidence is irrelevant, unduly prejudicial, and impermissible character evidence.

Defendants contend that the facts of the December 30, 2011, assault are relevant to Defendants' state of mind and informed their actions on the date in question. Defendants acknowledge that Fed. R. Evid. 404(b) makes evidence of other wrongs or acts inadmissible to prove "the character of a person in order to show the action in conformity therewith" but note that such evidence may be admissible for other purposes, such as to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

Citing to <u>Huddleston v. United States</u>, 485 U.S. 681, 687-88 (1988), Defendants argue that evidence of prior bad acts are admissible if it is relevant to any material issue other than character. Defendants do not argue that any typical exception outlined in Fed. R. Evid. 404(b) applies. (Doc. 85 at 4-5) Instead, Defendants argue the evidence should be admitted to explain the threat perceived by them at the time they used force. <u>Id</u>. at 4. Thus, Defendants argue Plaintiff's assaults on peace officers are directly relevant and that Defendants Rodriguez and Zamora's awareness of Plaintiff's potential for violence was informed by Plaintiff's conduct during the previous assault in which they were involved eleven days before.

Plaintiff argues that the assault has no bearing on the alleged assault of Plaintiff after he had been taken to the ground, and it provides no context or clarity for the actions taken after he was taken to the ground. Plaintiff argues also that his own subjective motivation is not at issue and that the type and amount of force necessary and the threat level he posed to Defendants would not reasonably be based on events or conduct which occurred before. The Court agrees.

Notably, only Rodriguez admits using force on Plaintiff. He admits that Plaintiff was compliant at the time Zamora restrained Plaintiff and neither Acevedo nor Gutierrez claim to have used force on Plaintiff. (Doc. 37-4 at 1; Doc. 37-6 at 1-2; Doc. 37-8 at 2; Doc. 37-7 at 1-2; Doc. 37-5 at 13-14) Thus, Gutierrez, Acevedo and Zamora cannot claim that their knowledge of Plaintiff's

3

conduct on December 30 motivated their response to him on January 10.  In addition, though Rodriguez reports he was aware of the previous assault, he reports only that Plaintiff "was wearing a spit mask because he had been involved in an assault on a Correctional Sergeant just ten days prior, in which he tried to spit on the Sergeant." (Doc. 37-7 at 2)  This fails to demonstrate that Rodriguez knew that Plaintiff, while lying prone with his hands cuffed behind him and wearing a spit mask, posed some heightened risk of violence. Moreover, none of the incident reports prepared at the time or the declarations filed in this action include any indication that any of the Defendants' actions were motivated by their awareness of the December 30 event.  (Doc. 37-5 at 13-27)

In any event, the Court concludes that the evidence of the assault that occurred 11 days before the events at issue has little probative value toward determining whether Plaintiff actively resisted the officers while he was on the ground or the whether the officers acted properly in response.  At the same time, the evidence of the December 30 event is so significantly and unfairly prejudicial that whatever limited probative value is absolutely overwhelmed thereby.  Fed. R. Evid. 403.  Thus, Plaintiff's motion in limine 2 is **GRANTED**.

        C.        <u>Motion in Limine 3: Motion to Exclude CDC-115 Serious Rules Violation History</u>

Plaintiff moves to exclude evidence of his CDC-115 Serious Rules Violation history, including any detentions, administrative findings and adjudications, any change in his inmate classification status as a result of any administrative findings and/or adjudication, and any administrative and/or criminal charges or convictions which arose out of incidents preceding January 10, 2012.  Plaintiff contends this evidence is irrelevant, unduly prejudicial, and impermissible character evidence.

The Court agrees that evidence of Plaintiff's extensive history of Serious Rules Violations is irrelevant to the issues in this case and would be unduly prejudicial.  Fed. R. Evid. 403.  Therefore, Plaintiff's motion to exclude such evidence is **GRANTED**.

///
///
///
///

**ORDER**

Accordingly, Plaintiff's motions in limine are GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

Dated:   **June 23, 2015**              /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE